OPINION
{¶ 1} This case is before the court on Plaintiffs-Appellants direct appeal from a February 13, 2003 trial court decision granting summary judgment in favor of Defendants-Appellees. Plaintiffs also contest the trial court's March 20, 2000 decision granting Defendants' motion to dismiss part of Plaintiffs' second amended complaint and the trial court's October 18, 2000 denial of Plaintiffs' motion to file a third amended complaint.
 {¶ 2} This case involves a class action complaint brought by residential and commercial newspaper carriers against two newspaper companies. Each of the carriers entered into written contracts with the companies establishing the carriers as independent contractors. Nevertheless, the carriers claimed that they were, in fact, common law employees of the newspaper companies and that this misclassification allowed the companies to unjustly profit and caused the carriers to incur expenses that should have been borne by the companies. The class that the plaintiffs sought to represent was made up of similarly situated carriers.
 {¶ 3} Plaintiffs filed their original complaint on October 2, 1998, and they filed their first amended complaint two months later. On September 3, 1999 Plaintiffs filed their second amended complaint with leave of the trial court. Defendants filed a motion to dismiss, which the trial court granted in part. Two claims remained in the case: Plaintiffs' allegation that Defendants made a negligent misrepresentation regarding Plaintiffs' status as independent contractors and Plaintiffs' claim that Defendants fraudulently represented to the Plaintiffs that they would purchase newspapers from the defendants for resale to their own customers.
 {¶ 4} On August 2, 2000 Plaintiffs sought leave to file their third amended complaint. The trial court denied that motion. Following an extensive period of discovery, Defendants filed a motion for summary judgment, which the trial court granted on February 13, 2003. Plaintiffs filed a timely notice of appeal.
 {¶ 5} Plaintiffs' first assignment of error:
 {¶ 6} "The trial court erred to the prejudice of plaintiffs —
 {¶ 7} Appellants in granting the motion for summary judgment."
 {¶ 8} In their first assignment of error, the plaintiffs argue that the trial court erred in granting summary judgment in favor of the defendants. For the following reasons, however, there were no genuine issues of material fact for trial, and summary judgment was, therefore, appropriate in this case.
 {¶ 9} Summary judgment pursuant to Civ.R. 56 should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party bears the initial burden of showing that no genuine issue of material fact exists for trial. Id. The burden then shifts to the non-moving party to set forth specific facts which show that there is a genuine issue of material fact for trial. Id. Throughout, the evidence must be construed in favor of the nonmoving party. Id.
 {¶ 10} It is well established that an appellate court reviews summary judgments de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, 641 N.E.2d 265. In other words, we review such judgments independently and without deference to the trial court's determination. Id.
 I {¶ 11} "The elements of fraud are: 1) a representation or, where there is a duty to disclose, concealment of a fact, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading another into relying upon it, 5) justifiable reliance upon the representation or concealment, and 6) a resulting injury proximately caused by the reliance." Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus, citation omitted.
 {¶ 12} The principal test to be applied in determining whether one is an independent contractor or an employee is who has the right to control the manner or means of doing the work. Laukhart v. Ohio Bureau ofWorkers Compensation (May 24, 1996), Montgomery App. No. 15448, citingBostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, paragraph one of the syllabus; Gillum v. Indus. Comm. (1943),141 Ohio St. 373, 48 N.E.2d 234, paragraph two of the syllabus. Additionally, a court should consider who controls the hours worked; who selects the materials, tools, and personnel used; who chooses the routes traveled; the length of the employment; the type of business; the method of payment; and any pertinent agreements or contracts. Laukhart, supra, citing Bostic, supra, at 146.
 {¶ 13} The trial court determined, and we agree, that the plaintiffs were independent contractors of the defendants because the plaintiffs had the right to control the means of selling the papers. The plaintiffs were responsible for selecting and controlling the means and facilities used to provide delivery services, including obtaining and maintaining their own vehicles. Furthermore, the plaintiffs were responsible for hiring, compensating, controlling, and discharging any personnel used to provide delivery services. Moreover, both the plaintiffs and the defendants entered into a written agreement that expressly states that both "Contractor and Company fully and freely intend to create an independent contractor relationship." Under these terms, the contract between the plaintiffs and the defendants established an independent contractor relationship between the parties.
 {¶ 14} Although the plaintiffs are independent contractors of the defendants, the employment relationship between the parties is not the issue at hand in determining whether the defendants were liable to the plaintiffs for fraudulent misrepresentation. Rather, the real issue involves an alleged misrepresentation by the defendants to the plaintiffs. Specifically, the fundamental issue is whether the agreement that the plaintiffs would buy and sell newspapers was a fraudulent misrepresentation because the defendants set the prices for both the purchase and the resale of the papers.
 {¶ 15} Under the facts in this case, the necessary elements for a viable fraudulent misrepresentation claim were not present. The plaintiffs argued that they were not permitted to buy and sell newspapers because the defendants set the pricing at both ends. However, the facts show that there were no fraudulent misrepresentations made by the defendants. The plaintiffs did purchase newspapers at wholesale prices and then sold them to customers at the price listed on the papers, precisely as described in the "Independent Contractor Distribution Agreement" as signed by all parties. Thus, there was a material representation. However, the plaintiffs offered no evidence of a falsity in that representation. Furthermore, the plaintiffs offered no proof of fraudulent intent on the part of the defendants. Therefore, as a matter of law, the defendants were entitled to summary judgment on the issue of fraudulent misrepresentation.
 II {¶ 16} Liability for the tort of negligent misrepresentation is appropriate where "one who, in the course of business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in the business transactions, is subject to liability for pecuniary loss caused to them by the justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Delman v. Cleveland Heights (1989), 41 Ohio St.3d 1, 4,534 N.E.2d 835, citation omitted.
 {¶ 17} Here, there was no evidence that the defendants made a false statement or that they supplied false information to the plaintiffs. The evidence reveals that the wholesale rate that the defendants charged the plaintiffs for their newspapers was established in the written contract. However, the amount that the plaintiffs were to charge customers was not specified. Nevertheless, there is no evidence that the defendants told the plaintiffs that they had the authority to charge their customers a higher rate than the price listed on the newspapers.
 {¶ 18} It is significant that a negligent misrepresentation occurs when one supplies false information for the guidance of others. Leal v.Holtvogt (1998), 123 Ohio App.3d 51, 62, 702 N.E.2d 1246, citing TextronFinancial Corp. v. Nationwide Mut. Ins. Co. (1996), 115 Ohio App.3d 137,149, 684 N.E.2d 1261. A negligent misrepresentation does not lie for omissions; there must be some affirmative false statement. Leal, supra, at 62, citing Textron, supra, in turn citing Zuber v. Ohio Dept. of Ins.
(1986), 34 Ohio App.3d 42, 516 N.E.2d 244.
 {¶ 19} In this case the relationship between the parties is best characterized as an ordinary business transaction. The defendants hired independent contractors who purchased newspapers at wholesale prices and delivered those papers to customers who paid the retail price listed on the face of the paper. The income of the plaintiffs was based upon how many papers they delivered to their customers. Thus, the defendants also were entitled to summary judgment on the issue of negligent misrepresentation.
 {¶ 20} After independently reviewing all of the evidence and construing it in a light most favorable to the plaintiffs, we find that there were no genuine issues of material fact regarding either the fraudulent misrepresentation claim or the negligent misrepresentation claim. Accordingly, Plaintiffs' first assignment of error is without merit and is overruled.
 {¶ 21} Plaintiffs' second assignment of error:
 {¶ 22} "The trial court erred to the prejudice of plaintiffs —
 {¶ 23} Appellants in granting, in part, defendant's (sic) motion to dismiss
 {¶ 24} Plaintiffs' second amended complaint."
 {¶ 25} Here Plaintiffs claim that the trial court erred in granting Defendants' motion to dismiss their claim for Defendants' breach of the implied covenant of good faith and fair dealing. We disagree.
 {¶ 26} A complaint may be dismissed for a failure to state a claim pursuant to Civ.R. 12(B)(6) only when it appears beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief. See, e.g., York v. Ohio State Highway Patrol
(1991), 60 Ohio St.3d 143, 573 N.E.2d 1063, citations omitted.
 {¶ 27} The plaintiffs attempted to present a claim of breach of the implied covenant of good faith and fair dealing based upon the defendants' actions of treating the plaintiffs as independent contractors rather than as employees. However, the actions of which the plaintiffs complained were precisely those required as a result of the agreements signed by the parties. In executing the agreements, both the plaintiffs and the defendants stated a specific intent to create an independent contractor relationship. Moreover, the plaintiffs made no allegation that the defendants' actions were inconsistent with that established relationship. Rather, what they alleged was that the defendants performed the actions contemplated by the agreements. Such allegations cannot form the basis of a properly pleaded claim for breach of an implied covenant of good faith and fair dealing as it has been interpreted by Ohio courts. Therefore, Plaintiffs' second assignment of error fails.
 {¶ 28} Plaintiffs' third assignment of error:
 {¶ 29} "The trial court erred to the prejudice of plaintiffs-appellants in denying plaintiffs' motion to file a third amended complaint."
 {¶ 30} Plaintiffs argue that the trial court erred in denying their motion to file a third amended complaint. However, we cannot conclude that the trial court abused its discretion in denying the plaintiffs' request to file the fourth version of their complaint.
 {¶ 31} The decision of whether to grant a motion to amend a complaint pursuant to Civ.R. 15 is committed to the sound discretion of the trial court. Wilmington Steel Products, Inc. v. Cleveland ElectricIlluminating Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, citation omitted. "`The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id., quoting Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248. Thus, to constitute a reversible abuse of discretion, the trial court's ruling "must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Wakoff v. Fairview Gen. Hosp.
(1990), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.
 {¶ 32} The Appellants filed their original complaint on October 2, 1998. They amended that complaint two months later. On August 18, 1999 the trial court allowed the plaintiffs to file a second amended complaint. Nearly one year later, on August 3, 2000 the plaintiffs sought leave to file their third amended complaint. However, the trial court overruled that motion for two valid reasons.
 {¶ 33} First, the plaintiffs admitted that any new claims would have been based upon the facts that were known nearly two years earlier when the first complaint was filed. Those claims could have been included in the plaintiffs' original complaint or in their first or second amended complaints. The plaintiffs failed to offer any justification for such a delay in the presentation of those claims.
 {¶ 34} Additionally, the defendants had already engaged in an extensive review of literally thousands of documents in the course of preparing their defense. It appeared likely to the trial court that much of that work would need to be repeated if new claims were allowed. Just because the new claims were to be based upon the same facts does not mean that no further review of the defendants' records would have been necessary.
 {¶ 35} Because the trial court offered sufficient justification for its denial of the plaintiffs' request, we cannot conclude that the trial court abused its discretion in refusing to allow them to file a third amended complaint. Accordingly, Plaintiffs' third assignment of error is overruled.
 {¶ 36} Having overruled all three of Plaintiffs' assignments of error, the judgment of the trial court is affirmed.
Wolff, J. and Young, J. concur.